UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

MIGUEL TINOCO,

    Plaintiff,

v.

BBMK CONTRACTING, LLC,
A Florida Limited Liability Company

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MIGUEL TINOCO ("TINOCO" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, BBMK CONTRACTING, LLC ("Defendant"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper as Plaintiff worked for Defendant in Palm Beach County,

Florida, and the actions giving rise to these claims arose in Palm Beach County, Florida.

## PARTIES

5. At all times material hereto, Defendant operated, and continues to operate a business in Palm Beach County, Florida, at which Plaintiff worked.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was, and continue to be, an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant operated, and continues to operate, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendant has been open for business, during the relevant time periods.

11. At all times relevant hereto, Defendant operated an emergency services and reconstruction firm in Palm Beach County, Florida.

12. At all times relevant hereto, Defendants had more than two employees.

13. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

15. On October 13, 2018, Plaintiff began to work for Defendant as a Temporary worker with the expectation to be promoted to a full-time Project Manager position.

16. However, on November 26, 2018, Defendant instead hired plaintiff as an Assistant Project Manager ("APM").

17. At all relevant times, Plaintiff always worked in Palm Beach County, Florida, and his activities were at all times controlled and closely supervised by Defendants' managers and supervisors.

18. Plaintiff had no authority to hire or fire employees of Defendants.

19. Plaintiff had no authority to discipline employees of Defendants.

20. Plaintiff had no authority to set rates of pay for other employees or agents of Defendants.

21. Plaintiff had no authority to determine the schedules to be worked by any employees of Defendants, or to change schedules.

22. Plaintiff was closely monitored by Defendants' managers and supervisors at all times.

23. Plaintiff followed procedures established by Defendants and did exactly as he was instructed to do.

24. Throughout his tenure, Plaintiff regularly worked an average of sixty (60) hours per week.

25. Instead of compensating Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all overtime hours work, Defendants elected to pay plaintiff **a flat rate** of $1,000.00 per week.

26. In other words, Defendants unlawfully paid Plaintiff $16.67 per hour for **all** his hours worked, including hours worked in excess of forty (40).

27. On October 30, 2020, Plaintiff and Defendant ended their employment relationship.

28. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

29. Defendants violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **ALL** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

30. Plaintiff estimates his FLSA damages to be as follows:  Taking an average of twenty (20) overtime ("OT") hours per week, Plaintiff is owed 20 OT hours x $8.34 per overtime hour totaling $166.80 per week. Plaintiff's estimates approximately 101 weeks remain in the operative FLSA statute of limitations. As such, Plaintiff is owed a total of $166.80 X 101 = **$16,846.80** in unliquidated overtime damages, and **$33,693.60**, in liquidated damages plus attorneys' fees and costs.

31. Prior to the filing of this lawsuit, Defendants did not consult with an attorney to

evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

32. Prior to the filing of this lawsuit, Defendants did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

33. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

34. Based on the allegations in Paragraphs 31-33, above, Plaintiff is entitled to liquidated damages as Defendants has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

35. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

36. Plaintiff re-alleges paragraphs 1–35, of the Complaint, as if fully set forth herein.

37. During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

38. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

39. Defendants failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

40. Defendants' actions were willful and/or showed reckless disregard for the

provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

41. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

42. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant(s):

    a. Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief, the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 2nd day of December, 2020.

/s/ **_NOAH E. STORCH_**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*